**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **TCF INVENTORY FINANCE, INC.**<br>**a Minnesota corporation**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**GULF MANAGEMENT, LLC**<br>**a New York limited liability company,**<br><br>**and**<br><br>**LOWELL THOMAS WARNER**<br>**an Individual,**<br><br>**Defendants.** | ) | **No. 1-20-cv-2862** |

**COMPLAINT**

COMES NOW Plaintiff TCF Inventory Finance, Inc. ("TCFIF"), by and through counsel, and hereby submits its Complaint against Gulf Management, LLC ("Borrower"), and Lowell Thomas Warner ("Guarantor" and with Borrower, the "Defendants"). In support, TCFIF states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. TCFIF is a corporation incorporated under the laws of the State of Minnesota with its principal place of business in the State of Illinois. Accordingly, TCFIF is a citizen of the States of Minnesota and Illinois.

2. TCFIF is a commercial lender that, at all relevant times, provided financing to Borrower.

3. Borrower is an New York limited liability company with its principal place of business located at 7289 US Highway 11, Potsdam, New York 13676, which is located in St.

Lawrence County, New York. The sole member of Borrower is Lowell Thomas Warner who resides in and is a citizen of the State of New York. Accordingly, Borrower, as a limited liability company, is also a citizen of the State of New York.

4. Borrower was, at all relevant times, a seller of recreational vehicles to retail customers.

5. Guarantor is an individual residing in New York and is a citizen of the State of New York.

6. This Court has jurisdiction over this civil action under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties and the matter in controversy, exclusive of interest and costs, exceeds $75,000.00.

7. Venue properly lies in this Court because Borrower and the Guarantor consented to the jurisdiction of the courts in Illinois, and TCFIF's principal place of business is located in this district.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

### Loan and Security Documents

8. On or about May 7, 2018, Borrower and TCFIF entered into an Inventory Security Agreement (the "Security Agreement") whereby TCFIF agreed to finance Borrower's acquisition of inventory in the ordinary course of business. A true and accurate copy of the Security Agreement is attached hereto as **Exhibit 1** and incorporated by reference herein.

9. In the Security Agreement, Borrower consented to the jurisdiction of any local, state or federal court located in Illinois. *See* Ex. 1, ¶ 15.

10. Pursuant to the terms of the Security Agreement, Borrower granted TCFIF a security interest in certain inventory and other personal property (the "Collateral").

11. On or about May 7, 2018, Lowell Thomas Warner entered into a Guaranty (the "Guaranty"), whereby he unconditionally guaranteed the prompt and punctual payment of all obligations of Borrower in favor of TCFIF. A true and accurate copy of the Guaranty is attached hereto as **Exhibit 2** and is incorporated by reference herein.

12. In the Guaranty, Guarantor consented to the jurisdiction of any local, state or federal court in Illinois. *See* Ex. 2, p. 2.

13. The Guaranty and Security Agreement are sometimes hereinafter collectively referred to as the "Loan and Security Documents."

**Defaults Under Loan and Security Documents**

14. Under the terms of the Loan and Security Documents, Borrower promised to remit payments when and as due according to the terms of the Security Agreement, including as follows:

> [Borrower] shall pay [TCFIF] the amount of any Advance made to finance the acquisition of any item of Prime Inventory immediately upon the earlier of (i) the sale, transfer, rental, lease or other disposition of such item (and shall hold the entire sale or disposition proceeds therefrom IN TRUST for [TCFIF] until paid to [TCFIF]…); (ii) the "**Due in Full**" date with respect to such Advance, as provided for in the [Security] Agreement; or (iii) the date such item is damaged, lost or destroyed or is returned to a Seller without [TCFIF's] consent or is otherwise not located at a Permitted Location.
>
> *See* Ex. 1, ¶ 6(b).

15. In breach of the Security Agreement, Borrower failed to make required payments to TCFIF. In particular, Borrower sold inventory, but failed to remit payment to TCFIF as required.

16. Borrower's failure to make required payments is an event of default under the terms of the Loan and Security Documents.

17. On or about January 3, 2019, TCFIF sent a Notice of Default letter to Borrower and Guarantor. This letter notified Borrower and Guarantor of the default and demanded that the past due amount of $17,582.00 be paid by not later than January 8, 2019.[1] A true and accurate copy of the Notice of Default is attached hereto as **Exhibit 3** and is incorporated by reference herein.

18. On January 8, 2019, TCFIF sent a Notice of Acceleration of Indebtedness (the "Acceleration Notice") to Borrower and Guarantor and demanded payment of $559,561.49 representing the outstanding balance due to TCFIF, and surrender of the collateral securing the obligations under the Security Agreement. A true and accurate copy of the Acceleration Notice is attached as **Exhibit 4** and is incorporated by reference herein.

19. Borrower did turnover possession of the remaining inventory, and TCFIF has recovered certain amounts on the returned inventory. All amounts recovered on the returned inventory have been credited to the outstanding obligations. A true and accurate copy of the Voluntary Surrender is attached hereto as **Exhibit 5** and is incorporated by reference herein.

20. As of April 30, 2020, the total deficiency owed was $174,317.61 consisting of $141,996.00 in principal and $32,321.61 in interest and loan fees, with interest continuing to accrue.

21. As a result of Defendants' breaches, TCFIF has sustained damage in an amount not less than $174,317.61 plus interest after April 30, 2020.

[1] The letter is mistyped to say that "Total Amount Past Due" is by January 8, 2018. Due to the date of the letter, the year should have been 2019.

22. The Security Agreement further provides that Borrower shall be responsible for the payment of all TCFIF's attorneys' fees, legal expenses and other costs and expenses incurred by TCFIF in its enforcement of its collection rights. *See* Ex. 1, ¶ 20(c).

23. The Guaranty provides that the Guarantor shall be responsible for the payment of TCFIF's attorneys' fees, legal expenses and other costs and expenses incurred by TCFIF in its enforcement of its collection rights. *See* Ex. 2, p. 1.

**COUNT I**
**(BREACH OF CONTRACT - BORROWER)**

For Count I of its Complaint against Gulf Management, LLC TCFIF states as follows:

24. TCFIF hereby incorporates by reference in this paragraph 24, and realleges as if the same were fully set forth herein, the allegations contained in paragraphs 1 through 23 of this Complaint.

25. The Security Agreement constitutes a valid and binding contract, enforceable against Borrower in accordance with its terms.

26. Borrower breached its obligations under the terms of the Security Agreement for, among other things, failing to repay TCFIF when due.

27. All conditions precedent to Borrower's performance in making payment have been satisfied by TCFIF.

28. Borrower continues in breach of the Security Agreement by failing to pay the entire balance due thereunder.

29. Borrower caused damages to TCFIF by its breach of the Security Agreement in an amount not less than $174,317.61 plus interest after April 30, 2020, and TCFIF's fees and expenses.

WHEREFORE, TCFIF respectfully requests that this Court enter judgment in favor of TCFIF and against Gulf Management, LLC, granting the following relief:

(a) Damages in the amount of $174,317.61 plus interest after April 30, 2020;

(b) Damages in the amount of TCFIF's expenses, reasonable attorneys' fees and other costs of collection incurred; and

(c) Such other and further relief as the Court deems just and proper.

**COUNT II**
**(BREACH OF CONTRACT – GUARANTOR LOWELL THOMAS WARNER)**

For Count II of its Complaint against Lowell Thomas Warner, TCFIF states:

30. TCFIF hereby incorporates by reference in this paragraph 30, and realleges as if the same were fully set forth herein, the allegations contained in paragraphs 1 through 29 of this Complaint.

31. The Guaranty constitutes a valid and binding contract, enforceable against Guarantor Lowell Thomas Warner in accordance with its terms.

32. Lowell Thomas Warner is a guarantor of Borrower's indebtedness pursuant to the Guaranty, whereby he unconditionally guaranteed the prompt and punctual payment of all obligations in favor of TCFIF from Borrower, including the obligations under the Security Agreement.

33. Borrower defaulted on the terms of the Security Agreement and owes TCFIF the aggregate amount of $174,317.61 plus interest after April 30, 2020, and attorneys' fees and court and collection costs incurred by TCFIF.

34. Despite demand, Lowell Thomas Warner failed to pay the amounts due and owing by Borrower to TCFIF.

35. Pursuant to the terms of the Guaranty, Lowell Thomas Warner is personally liable for all amounts due and owing to TCFIF from Borrower, including accruing interest, attorneys' fees and court and collection costs incurred by TCFIF in its efforts to collect the amounts due and owing.

36. All conditions precedent to Lowell Thomas Warner's performance in making payment have been satisfied by TCFIF.

37. Lowell Thomas Warner breached the Guaranty by failing to pay the entire balance owed by Borrower under the Security Agreement.

38. Lowell Thomas Warner caused damages to TCFIF by his breach of the Guaranty in an amount not less of $174,317.61, plus interest accruing after April 30, 2020, and TCFIF's fees and expenses.

WHEREFORE, TCFIF respectfully requests this Court enter judgment in favor of TCFIF and against Steven M. Jones, granting the following relief:

(a) Damages in the amount of $174,317.61, plus interest accruing after April 30, 2020;

(b) An award of TCFIF's expenses, reasonable attorneys' fees and other costs of collection incurred; and

(c) Such other and further relief as the Court deems just and proper.

Dated: May 12, 2020 Respectfully submitted,

/s/ William R. Bay

William R. Bay (6181670)
wbay@thompsoncoburn.com
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101
(314) 552-6000
Fax: (314) 552-7000

Holly H. Campbell (6320395)
hcampbell@thompsoncoburn.com
Thompson Coburn LLP
55 East Monroe Street
37th Floor
Chicago, IL 60603
(312) 346-7500
Fax: (312) 580-2201

*Attorneys for Plaintiff TCF Inventory Finance, Inc.*