# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **TCF INVENTORY FINANCE, INC.**<br>**a Minnesota corporation**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**GULF MANAGEMENT, LLC**<br>**a New York limited liability company,**<br><br>**and**<br><br>**LOWELL THOMAS WARNER**<br>**an Individual,**<br><br>**Defendants.** | ) | **No. 1-20-cv-2862** |

**DECLARATION OF BRIAN EDGE**

COMES NOW Brian Edge, and states as follows:

1. My name is Brian Edge. I am over twenty-one years of age. I am a natural person competent to make this Declaration. I am employed as a Workout Manager at TCF Inventory Finance, Inc. ("TCFIF"). The facts stated herein are based upon my personal knowledge and the corporate business records pertaining to this matter that are maintained in the ordinary course of TCFIF's business. If called upon to do so, I am competent to testify to these facts in open court.

2. On or about May 7, 2018, Gulf Management, LLC ("Borrower") and TCFIF entered into an Inventory Security Agreement (the "Security Agreement") whereby TCFIF agreed to finance Borrower's acquisition of inventory in the ordinary course of business. A true and accurate copy of the Security Agreement is attached to TCFIF's Complaint as **Exhibit 1**.

3. In the Security Agreement, Borrower consented to the jurisdiction of any local, state or federal court located in Illinois. *See* Ex. 1 to the Compl., ¶ 15.

4. Pursuant to the Security Agreement, TCFIF provided financing for certain inventory that Borrower sold to retail customers.

5. In exchange, Borrower agreed to remit payment to TCFIF when and as due.

6. Borrower's failure to make required payments to TCFIF, including failing to pay for inventory financed by TCFIF when and as sold by Borrower, is a breach of the Security Agreement. *See* Ex. 1 to the Compl., ¶ 10(a).

7. On or about May 7, 2018, Lowell Thomas Warner ("Guarantor") entered into a Guaranty (the "Guaranty" and with the Security Agreement, the "Loan and Security Documents") whereby he unconditionally guaranteed the prompt and punctual payment of all obligations of Borrower in favor of TCFIF. A true and accurate copy of the Guaranty is attached to TCFIF's Complaint as **Exhibit 2**.

8. In the Guaranty, Guarantor consented to the jurisdiction of any local, state or federal court in Illinois. See Exhibit 2 to the Compl., p. 2.

9. Under the terms of the Security Agreement, the Borrower promised to remit payments when and as due.

10. In breach of the Security Agreement, Borrower failed to make required payments to TCFIF. Borrower sold inventory, but did not pay to TCFIF the required payment.

11. Borrower's failure to make the required payments is an event of default under the terms of the Loan and Security Documents.

12. Guarantor's failure to make the required payments to satisfy obligations owed by Borrower to TCFIF under the Security Agreement is an event of default under the terms of the Guaranty.

13. On or about January 3, 2019, TCFIF sent a Notice of Default letter to Borrower and Guarantor. This letter notified Borrower and Guarantor of the default and demanded that the past due amount of $17,582.00 be paid by not later than January 8, 2019.[1] A true and accurate copy of the default letter is attached to TCFIF's Complaint as **Exhibit 3**.

14. Defendants failed to remit the payments demanded in response to the January 3 , 2019 letter. Therefore, on or about January 8, 2019, TCFIF sent a Notice of Acceleration of Indebtedness (the "Acceleration Notice") to Borrower and Guarantor and demanded payment of $559,561.49 representing the outstanding balance due to TCFIF, and surrender of the collateral securing the obligations under the Security Agreement. A true and accurate copy of the notice of acceleration letter is attached to TCFIF's Complaint as **Exhibit 4**.

15. Borrower did turnover possession of the remaining inventory, and TCFIF has recovered certain amounts on the returned inventory by all reasonable commercial means. All amounts recovered on the returned inventory have been credited to the outstanding obligations. A true and accurate copy of the Voluntary Surrender is attached to TCFIF's Complaint as **Exhibit 5**.

16. The amount of total deficiency due and owing from Defendants as of June 30, 2020 is $180,758.39, representing $141,996.00 in principal and $38,762.39 in interest.

17. TCFIF has also incurred attorneys' fees, costs and expenses in connection with trying to collect the amounts due to TCFIF from Defendants.

18. The Security Agreement requires Borrower to pay TCFIF's costs and expenses, including reasonable attorneys' fees, which TCFIF incurs in collecting amounts due from Borrower under the Security Agreement. *See* Ex. 1 to the Compl.,¶ 20(c).

---

[1] The letter is mistyped to say that "Total Amount Past Due" is by January 8, 2018. Due to the date of the letter, the year should have been 2019.

19. The Guaranty requires Guarantor to pay TCFIF's costs and expenses, including reasonable attorneys' fees, which TCFIF incurs in collecting amounts due from Guarantors under the Guaranty. *See* Ex. 2 to the Compl.

**Further Declarant Sayeth Not.**

I declare under penalty of perjury that the foregoing is true and correct.

______________________________ Executed on: July 6, 2020