**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **TCF INVENTORY FINANCE, INC.**<br>**a Minnesota corporation**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**GULF MANAGEMENT, LLC**<br>**a New York limited liability company,**<br><br>**and**<br><br>**LOWELL THOMAS WARNER**<br>**an Individual,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **No. 1-20-cv-2862** |

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

Plaintiff TCF Inventory Finance, Inc. ("TCFIF"), pursuant to Federal Rule of Civil Procedure 54(d)(2) and N.D. Illinois Local Rule 54.3, hereby moves this Court for an award of its attorneys' fees and costs in the amount of $3,461.90 against Defendants Gulf Management, LLC ("Gulf Management") and Lowell Thomas Warner ("Warner" and with Gulf Management, "Defendants"), jointly and severally, following entry of TCFIF's concurrently-filed motion for entry of default judgment. In support thereof, TCFIF states as follows:

1. As a material inducement for TCFIF to finance Gulf Management's acquisition of inventory in the ordinary course of its business, Gulf Management entered into an Inventory Security Agreement ("Security Agreement") with TCFIF. *See* Exhibit 1 to TCFIF's Complaint, ECF Dkt. No. 1-1, Security Agreement.

2. In the Security Agreement, Gulf Management agreed to repay TCFIF for inventory as Gulf Management sold the inventory and under certain other conditions.

3. Warner guaranteed the obligations of Gulf Management to TCFIF in his Guaranty. *See* Exhibit 2 to TCFIF's Complaint, ECF Dkt. No. 1-2, Guaranty.

4. N.D. Illinois Local Rule 54.3 provides, "Time to File. Either before or after the entry of judgment the court may enter an order with respect to the filing of a fee motion pursuant to Fed. R. Civ. P. 54."

5. In the Security Agreement, Gulf Management agreed that it would pay "all reasonable attorneys' fees and legal expenses and other costs and expenses incurred by [TCFIF] in connection with establishing, perfecting, maintaining perfection of, protecting and enforcing its security interest in the Collateral and collecting Indebtedness . . ." ECF Dkt. No. 1-1 at ¶ 20(c).

6. In the Guaranty, Warner agreed that he would "pay on demand all costs and expenses, including reasonable attorneys' fees, incurred by [TCFIF] in enforcing this Guaranty." ECF Dkt. No. 1-2 at p. 2, ¶ 1.

7. Accordingly, TCFIF seeks an award of its attorneys' fees and costs of $3,461.90 if this Court grants its concurrently-filed Motion for Default Judgment. Declaration of William R. Bay ("Bay Decl."), ¶¶ 8-9, attached hereto as **Exhibit A.**

8. Under Illinois law, the law selected by the parties in the Security Agreement and Guaranty, attorneys' fees are properly awarded where the parties have contractually agreed to such an award. *See, e.g., Capital One Auto Finance, Inc. v. Orland Motors, Inc.*, No. 09-cv-4731, 2011 WL 5519858 at *3 (N.D. Ill. Nov. 10, 2011).

9. Courts use the lodestar method to award attorneys' fees provided for by contract. *Id.*; *Firstar Bank, N.A. v. Faul Chevrolet, Inc.*, No. 00 C 4061, 2003 WL 548365 at *7 (N.D. Ill. Feb. 25, 2003).

10. The lodestar method multiplies the number of hours reasonably expended by a reasonable hourly rate. *Capital One Auto Finance*, 2011 WL 5519858 at *3.

11. Here, the actual time expended by TCFIF's attorneys was reasonable and necessary to the litigation of this action. Bay Decl. at ¶ 7. TCFIF's counsel have expended or will expend a total of 9.3 hours handling this action. Bay Decl. at ¶ 4. This time represents, among other tasks, (1) the preparation and filing of the initial complaint and service of said complaint and (2) the preparation and filing of the request motion for entry of default judgment.

12. In this action, TCFIF's attorneys charged reasonable rates for the work performed. Bay Decl. at ¶¶ 4-6. *See Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 407 (7th Cir. 1999) ("attorney's actual billing rate for comparable work is 'presumptively appropriate' to use as the market rate").

13. Because TCFIF is seeking a default judgment in this matter, TCFIF did not confer with Defendants in an attempt to reach a pre-motion agreement on fees pursuant to Local Rule 54.3.

WHEREFORE, TCFIF respectfully requests that this Court award its actual attorneys' fees and costs of $3,461.90 entered jointly and severally against Defendants Gulf Management and Lowell Thomas Warner and grant such other or further relief as this Court deems proper.

Dated: July 6, 2020

Respectfully submitted,

By: /s/ *William R. Bay*

William R. Bay (#6181670)
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101
(314) 552-6000
(314) 552-7000 (Fax)
wbay@thompsoncoburn.com

Holly H. Campbell (#6320395)
Thompson Coburn LLP
55 East Monroe Street

37th Floor
Chicago, IL 60603
(312) 346-7500
(312) 580-2201 (Fax)
hcampbell@thompsoncoburn.com

***Attorneys for Plaintiff TCF Inventory Finance, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing has been filed with the Court's electronic filing system this 6th day of July, 2020, and copies of the same will be sent via first class U.S. mail, postage prepaid, on the 7th day of July, 2020, to the following:

Gulf Management, LLC
c/o Lowell Warner, Member and Manager
7289 US Highway 11
Potsdam, NY 13676

Lowell Thomas Werner
245 Vice Road
Brasher Falls, NY 13613

/s/ William R. Bay